UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LINDA GOLDMAN | CIVIL ACTION |
| VERSUS | NO. 18-6802 |
| AS YOU LIKE IT SILVER SHOP, INC. ET AL. | SECTION "B"(2) |

## ORDER AND REASONS ON MOTIONS

Plaintiff's Motions to Modify (1) Defendants' Subpoenas, Record Doc. No. 36, and (2) Defendant Atain Specialty Insurance Company's Subpoenas, Record Doc. No. 44, are before me. Plaintiff seeks to modify subpoenas issued by defendants to non-parties (1) Blue Shield of California Life & Health Insurance Co.; (2) Sun Life Assurance Company of Canada; (3) Dr. Sheldon Jordan; (4) Dr. Jeffrey Trop; (5) Public Equity Group ("PEG"); (6) Dr. Ezekiel Fink; and (7) Dr. William Stubbeman. These companies and medical professionals are plaintiff's insurers, healthcare providers and a firm for which she did consulting work, PEG. Plaintiff seeks to limit the requests and production to documents and information that post-date July 22, 2010, the date on which she sustained a workplace accident that resulted in her partial disability. Record Doc. Nos. 36 at p. 2; 44 at p. 1. She also asks that the responsive documents be directly produced to plaintiff's counsel for the opportunity to mark documents "confidential" and insert and log redactions. Record Doc. Nos. 36 at p. 2; 44 at p. 2. The motions are GRANTED IN PART and DENIED IN PART as follows.

The motions are DENIED insofar as they seek production of responsive documents directly to plaintiff's counsel so that counsel may make redactions. Good cause to require

production of responsive materials first to plaintiff's counsel so that he may make redactions has not been established and is unwarranted. A sufficient protective order is already in place – with severe consequences for violations – that addresses plaintiff's concerns regarding disclosure of her personal, confidential and sensitive information. Record Doc. No. 32. IT IS ORDERED that all materials responsive to the subpoenas are hereby designated as confidential and subject to the existing protective order.

The motion is DENIED in its entirety insofar as it relates to the PEG subpoena, which seeks materials that are highly relevant to plaintiff's claim for lost wages and loss of earnings capacity. Record Doc. No. 1 (Complaint at p. 5, ¶27(a) and (b). The PEG subpoena by its terms is already limited to a reasonable time period, December 7, 2012 through the present, and that is the time period for which responsive materials must be provided.

As to the remaining subpoenas, the motions are GRANTED insofar as they seek to modify defendants' subpoenas to limit production to documents post-dating plaintiff's July 22, 2010 workplace accident resulting in her partial disability. "Both [Federal] Rules [of Civil Procedure] 45 and 26 authorize the court to modify a subpoena duces tecum when its scope exceeds the boundaries of permissible discoverable or otherwise violates the parameters of Rule 45." Hahn v. Hunt, 2016 WL 1587405, at *1 (E.D. La. Apr. 20, 2016), aff'd, 2016 WL 6518863 (E.D. La. Nov. 2, 2016). Fed. R. Civ. P. 45(d)(1) requires that the party issuing a subpoena to a non-party "must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena." Id. On timely motion, the

court for the district where compliance is required must quash or modify a subpoena that subjects a person to undue burden. Fed. R. Civ. P. 45(d)(3)(A)(iv). If a party to whom a subpoena is not directed "has a personal right or privilege in the subject matter [of a subpoena] or a sufficient interest," then that party has standing to modify the subpoena. <u>Ass'n of Am. Physicians & Surgeons, Inc. v. Texas Med. Bd.</u>, 2008 WL 2944671, at *1 (E.D. Tex. July 25, 2008). Because plaintiff's medical records are requested in the subject subpoenas, plaintiff has standing to move for their modification.

As to Rule 26, the scope of permissible discovery is established in Fed. R. Civ. P. 26(b)(1) and extends only to that which is both relevant to claims and defenses in the case and within the Rule's proportionality limits. Relevance focuses on the claims and defenses in the case, not its general subject matter. Proportionality analysis involves consideration of various factors, including the importance of the issues at stake, the amount in controversy, the parties' relative access to information, the parties' resources, the importance of the discovery in resolving the issue, and whether the burden or expense of the proposed discovery outweighs its likely benefit.

Plaintiff's complaint seeks damages in the form of "<u>medical bills</u>, past, present and future." Record Doc. No. 1 at p. 5 (emphasis added). In addition to the damages for lost wages and earning capacity noted above, the complaint also alleges that "Plaintiff has sustained emotional and physical injuries as a result of these events" and "other conditions have been exacerbated by these events, all of which were caused by Defendants." <u>Id.</u> at ¶ 23. She seeks damages for "embarrassment and humiliation" resulting from the alleged

series of events following plaintiff's December 7, 2017 visit to the business operated by defendant As You Like It Silver Shop, Inc. Id. at ¶27(e).

Goldman states that she has certified in her discovery responses that she is not pursuing damages for costs of medical treatment. Record Doc. No. 36 at p. 1. Plaintiff also notes that her pending Motion for Leave to File Supplemental and Amended Complaint "seeks to withdraw plaintiff's claim for damages in the form of 'medical bills, past, present and future.'" Record Doc. No. 49 (emphasis added). At oral argument, defense counsel formally withdrew any opposition to the motion to amend, which will be separately granted shortly. Thus, IT IS ORDERED as a condition of this subpoena modification order that plaintiff is prohibited from pursuing a claim for damages related to the costs of her medical and/or mental health treatment, since that claim will no longer be asserted in the case when the amendment is granted. Because documents regarding cost of treatment are no longer relevant or necessary to the litigation of defendants' case, IT IS FURTHER ORDERED that the subject subpoenas be modified to omit any and all requests for production related to the cost of plaintiff's medical and/or mental health treatment. For the following reasons, this modification order does not apply to responsive materials regarding the medical/mental health treatment itself.

"[A] plaintiff's medical records are relevant to [her] claim for general damages, including mental anguish, anxiety, pain and suffering." Tillman v. Larpenter, 2016 WL 5115495, at *3 (E.D. La. Sept. 21, 2016). Plaintiff has expressly made claims against defendants for "sustained emotional and physical injuries as a result of these events,"

- 4 -

exacerbation of "other conditions" and "embarrassment and humiliation." Record Doc. No. 1 at p. 5. Documents regarding plaintiff's medical/mental health treatment and claims filed against plaintiff's insurers have been requested in the subject subpoenas. The requested information is relevant to plaintiff's physical and mental condition in that it relates to causation of plaintiff's general damages claim. As to the breadth of defendants' requests and the particularity with which defendants have described the materials requested, defendants have, for the most part, delineated precise time periods within which they have requested medical/mental health treatment documents. As stated above, these document requests are within the scope of plaintiff's claims for damages. The burden imposed on the subpoenaed non-parties appears small compared to the benefit of defendants receiving this information.

As to the time periods addressed in the individual medical documentation subpoenas, plaintiff requests that the responsive documents produced pursuant to the subpoenas post-date July 22, 2010, the date she suffered a workplace accident resulting in partial disability. The only subpoenas requesting documents before this date are the ones addressed to Sun Life Assurance Company of Canada, Dr. Ezekiel Fink and Dr. William Stubbeman. Record Doc. Nos. 36-3 at p. 6; 44-2 at p. 3; 44-3 at p. 3. The other subpoenas request medical documents dating from July 22, 2010. See Record Doc. Nos. 36-2 at p. 4; 36-4 at p. 6; 36-6 at p. 3. I find that the date of plaintiff's workplace accident is an appropriate starting point for assessing plaintiff's emotional and physical injury, exacerbation, embarrassment and humiliation claims in this matter and limits the subpoenas to a proportionally appropriate time period. Accordingly, IT IS ORDERED that

the subpoenas addressed to Sun Life Assurance Company of Canada, Dr. Ezekiel Fink and Dr. William Stubbeman, Record Doc. Nos. 36-3, 44-2, 44-3, are modified to require production of responsive materials <u>from July 22, 2010, to the present.</u>

All materials responsive to these subpoenas must be produced no later than March 6, 2019.

New Orleans, Louisiana, this \_\_\_20th\_\_\_ day of February, 2019.

_____
JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE