UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| LINDA GOLDMAN | CIVIL ACTION |
| VERSUS | NO. 18-6802 |
| AS YOU LIKE IT SILVER SHOP, INC. ET AL. | SECTION "B"(2) |

## ORDER AND REASONS ON MOTION

Defendants' Motion for Leave to File Third Party Demand and Add Related Party Defendant, Record Doc. No. 67, is pending before me. Plaintiff filed a timely opposition memorandum. Record Doc. No. 68. Defendants were permitted to file supplemental memoranda. Record Doc. Nos. 75, 77. Defendants seek leave to file a third-party demand to assert claims against their own homeowners' insurer, Privilege Underwriters, Inc. ("PURE"), pursuant to an insurance policy ("the Policy") issued by PURE to defendants. Defendants argue that the Policy provides coverage for the claims asserted by plaintiff in this lawsuit. Record Doc. No. 67-4 at p. 2 ¶ V. Defendants previously filed a claim with PURE based on plaintiff's allegations in this lawsuit, which was denied almost eight months ago on August 3, 2018, based on lack of coverage under the Policy. Record Doc. No. 67-2.

When the court has entered a scheduling order setting a deadline for filing third-party actions, the schedule "may be modified only for good cause <u>and</u> with the judge's consent." Fed. R. Civ. P. 16(b)(4) (emphasis added). "Rule 16(b) governs amendment of pleadings after a scheduling order deadline has expired. <u>Only upon the movant's demonstration of good cause to modify the scheduling order</u> will the more liberal

standard of Rule 15(a) apply to the district court's decision to grant or deny leave." S&W Enters., L.L.C. v. SouthTrust Bank of Ala., NA, 315 F.3d 533, 536 (5th Cir. 2003) (emphasis added). Four factors are relevant to good cause: "'(1) the explanation for the failure to timely move for leave to amend; (2) the importance of the amendment; (3) potential prejudice in allowing the amendment; and (4) the availability of a continuance to cure such prejudice.'" Sw. Bell Tel. Co. v. City of El Paso, 346 F.3d 541, 546 (5th Cir. 2003) (citing Fed. R. Civ. P. 16(b)) (quoting S & W Enters., 315 F.3d at 535); accord Fahim v. Marriott Hotel Servs., Inc., 551 F.3d 344, 348 (5th Cir. 2008); Nunez v. U.S. Postal Serv., 298 F. App'x 316, 319 (5th Cir. 2008); In re Int'l Marine, LLC, 2009 WL 498372, at *1–2 (E.D. La. Feb. 26, 2009). The scheduling order deadline for filing third-party actions expired on November 13, 2018. Record Doc. No. 9 at p. 1. Thus, Rule 16(b)(4) governs this matter, and defendants must establish "good cause" for their untimely filing before the liberal Rule 15(a) standard might apply.

Defendants explain that they failed timely to request leave to file a third-party demand because information giving rise to PURE's alleged coverage was not known to defendants until they reviewed PURE's claims file – only after plaintiff subpoenaed the file – and until defendants provided facts at their own depositions that "alter[ed] PURE's denial of the claim" under the Policy. Record Doc. No. 67-1 at p. 2. This explanation is unpersuasive. Defendants fail to identify the newly discovered facts that were clearly within their own knowledge and that supposedly justify their late filing. They neglect to

- 2 -

explain why they waited <u>almost two months</u> after their depositions to file this motion. Defendants and their counsel have been aware of plaintiff's allegations and have had access to <u>their own</u> homeowners' insurance policy since plaintiff filed this lawsuit on July 19, 2018. PURE denied coverage under the Policy on August 3, 2018, well before expiration of the scheduling order deadline for filing third-party actions. Defendants and their counsel had several months to review the Policy against plaintiff's allegations. Moreover, defendants themselves could have requested PURE's claims file immediately after their claim was denied, rather than waiting for plaintiff to subpoena these documents several months later. Instead of diligently pursuing this information, defendants waited until months after the scheduling order deadline lapsed to file this motion. This factor weighs heavily against allowing defendants to file the third-party demand.

Filing a third-party demand against PURE is unimportant because defendants are free to file their own lawsuit against PURE if and after judgment is rendered in this matter. Alternatively, the August 3, 2018 denial of defendants' claim under the Policy indicates that defendants "may have the matter reviewed by the Louisiana Department of Insurance" if they believe their claim was wrongfully denied. Record Doc. No. 67-2 at p. 2. This factor disfavors allowing defendants to file the third-party demand.

Prejudice to plaintiff is substantial because adding PURE as a new party will cause significant delay in that it threatens both the discovery deadline, currently set on April

9, 2019, and the trial date. As stated above, defendants are not prejudiced because they may seek recourse against PURE by filing a separate lawsuit and/or seeking administrative review of their claim denial by the Louisiana Department of Insurance. A continuance may cure plaintiff's prejudice. However, availability of a continuance is a matter exclusively for the district judge to address. These factors disfavor a finding of good cause allowing defendants to file this late third-party demand.

For the foregoing reasons, the Rule 16(b)(4) factors weigh heavily against allowing defendants to file a third-party demand against PURE. Accordingly, the motion is DENIED.

New Orleans, Louisiana, this \_\_\_27th\_\_\_ day of March, 2019.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE